# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TODD W. FANGUY AND CHRISTY
A. FANGUY

NO. 2022 CW 0680

VERSUS

UV INSURANCE RISK RETENTION
GROUP, INC. AND DOUGLAS R.
FORTUNE

**July 22, 2022**

---

In Re: UV Logistics, LLC, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 187229.

---

**BEFORE: HOLDRIDGE, PENZATO, AND LANIER, JJ.**

**WRIT DENIED.**

**AHP**
**WIL**

**Holdridge, J.,** dissents and would grant the writ. The Supreme Court remanded this matter to the trial court to make an in camera inspection of the documents to determine whether the documents were discoverable under the work-product exception contained in Louisiana Code of Civil Procedure article 1424. ("The case is remanded...to determine if the requested documents are relevant and discoverable. See La. Code Civ. P. art. 1424[.]" Article 1424 states that the "court shall not order the production or inspection of any writings...obtained or prepared by the adverse party...in anticipation of litigation or in preparation for trial[.]" From the transcript provided to this court, there is no explanation, reasons, or even any hint as to why the trial court thought the work-product exception did not apply to the documents in question. Clearly, the intent of the Supreme Court order was for the trial court to advise the parties which documents are discoverable and why such documents were not work product in accordance with Article 1424. Since this court does not have the documents to review, I would grant the writ because it is impossible for this court to make a meaningful review to determine if the trial court complied with the Supreme Court's order since the trial court failed to articulate its reasons that would have indicated that it properly considered and followed the mandatory provisions of Article 1424.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT